IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CV-115-FL

| | | |
|---|---|---|
| KELLY T. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE ## 16, 18). On March 30, 2010, United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1), wherein he recommended that the court grant plaintiff's motion, deny defendant's motion, and remand for more specific findings of fact (DE # 21). Defendant timely objected, and plaintiff has responded. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court adopts the M&R over defendant's objections, and remands this case to the Commissioner for further proceedings consistent with this order.

## STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits ("DIB") on April 17, 2003, alleging disability beginning December 23, 2002. (R. at 94.) After plaintiff's claim for DIB was denied initially and upon reconsideration, hearing was held before an Administrative Law Judge

("ALJ") on June 17, 2004. (R. at 70-93.) On October 19, 2004, the ALJ found that plaintiff was not disabled. (R. at 621-41.) The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") vacated this decision and remanded the case for further proceedings on September 15, 2005. (R. at 654-57.)

A second hearing before the ALJ was held on August 15, 2006. (R. at 44-65.) The ALJ again found plaintiff not disabled in a decision dated November 21, 2006. (R. at 29-43.) Plaintiff thereafter requested a review, which was denied by the Appeals Council on May 1, 2009. (R. at 7-9.) The denial of review by the Appeals Council renders the ALJ's determination the final agency decision with respect to defendant's claim. Plaintiff filed the instant action on July 13, 2009.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's denial of benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The court must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing the Commissioner's decision, the court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. Thus, "[e]ven if [it] disagrees with the

2

Commissioner's decision, the court must uphold [that decision] if it is supported by substantial evidence." Grant v. Astrue, 574 F. Supp. 2d 559, 562 (E.D.N.C. 2008) (citing Hays v. Sullivan, 907 F.3d 1453, 1456 (4th Cir. 1990)).

To assist it in determining whether the Commissioner's decision is supported by substantial evidence and was reached through application of the correct legal standards, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations," which the court may "accept, reject, or modify, in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(B), (C). The court reviews *de novo* those portions of the M&R to which specific objections are filed. Id. Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Analysis

The ALJ applied the familiar five-step analysis to determine whether plaintiff was entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. If so the claim-ant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

Mastro, 270 F.3d at 177 (internal citations omitted). The ALJ first found that plaintiff was not engaged in substantial gainful employment. The ALJ then found that plaintiff had multiple severe

3

impairments, fibromyalgia/chronic fatigue syndrome ("CFS") and depression, which did not meet a listing. Next, the ALJ found that plaintiff was not able to perform past relevant work as a nurse, but that plaintiff had residual functional capacity ("RFC") to perform work that is "light" and "unskilled." At step five, the ALJ applied the medical-vocational guidelines ("Grids") to determine that plaintiff was not disabled.

The magistrate judge found that the ALJ erred in three respects. First, the magistrate judge found that the ALJ failed to comply with Social Security Ruling 99-2p at step three of his disability determination. See SSR 99-2p, Titles II and XVI: Evaluating Cases Involving Chronic Fatigue Syndrome, 64 Fed. Reg. 23,380 (April 30, 1999). Second, the magistrate judge found fault with the ALJ's failure to consider the opinion of Dr. Dixon Pearsall. Finally, the magistrate judge found that the ALJ erred in relying exclusively on the Grids rather than using testimony of a vocational expert ("VE") to determine whether plaintiff was able to perform specific jobs existing in the national economy.

Defendant raises a number of specific objections to the magistrate judge's analysis. The defendant asserts, *inter alia*, that the ALJ (1) adequately discussed plaintiff's CFS, (2) was not required to address the opinion of Dr. Pearsall, and (3) was not required to use a VE at the second hearing. Moreover, defendant asserts that any error by the ALJ was harmless. In her response, plaintiff asks the court to overrule defendant's objections and adopt the findings of the magistrate judge. Plaintiff disputes that the ALJ's errors were harmless.[1]

---

[1] The court recognizes that plaintiff had alleged additional errors in the ALJ's analysis that were not addressed by the magistrate judge, including that the ALJ failed to give sufficient weight to the opinions of treating sources and improperly discounted plaintiff's credibility. The court also recognizes that the magistrate judge called into question the ALJ's discussion of plaintiff's depression, to which defendant objects. The court need not reach any of these issues because remand is justified on the other grounds addressed by the magistrate judge.

4

1. The ALJ's Discussion of Plaintiff's CFS

Claims involving CFS are evaluated using the same five-step process as other impairments.[2] SSR 99-2p, 64 Fed. Reg. at 23,382. Although a claimant with CFS alone can never meet the requirements of a listed impairment, "the specific findings in each case should be compared to any pertinent listing to determine whether medical equivalence may exist." Id. Where an individual suffers from "psychological manifestations related to CFS," the ALJ must consider that individual's impairment under the mental disorders listings. Id. In light of the complicated diagnostic process involved, "conflicting evidence in the medical record is not unusual in cases of CFS . . . [and the] [c]larification of any such conflicts . . . should be sought first from the individual's treating or other medical sources." Id. at 23,383. As with other impairments, a treating source's medical opinion is entitled to controlling weight if it is well-supported by clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. Id.

As mentioned, the ALJ proceeded through the five-step process as in any other case. At step two of his analysis, the ALJ found that plaintiff's fibromyalgia/CFS and depression were severe impairments. (R. at 34.) At step three of the analysis, the ALJ made no mention of plaintiff's CFS or SSR 99-2p. He did find that plaintiff's fibromyalgia and complaints of pain and carpal tunnel syndrome did not meet Listing 1.02 ("major dysfunction of a joint"), and that plaintiff also did not meet Listing 12.04 ("affective disorders"). At step four of the analysis, the ALJ gave little weight to the opinions of three physicians that were favorable to plaintiff, and also discredited plaintiff's own subjective complaints.

---

[2] CFS is "a systemic disorder consisting of a complex of symptoms that may vary in incidence, duration, and severity . . . characterized in part by prolonged fatigue that lasts 6 months or more and that results in substantial reduction in previous levels of occupational, educational, social, or personal activities." SSR 99-2p, 64 Fed. Reg. at 23,381.

5

Defendant maintains that the ALJ complied with SSR 99-2p, even though he did not mention it by name. It is true that there is no requirement that an ALJ explicitly reference relevant social security rulings, so long as he follows the requirements set forth therein. See, e.g., McClanahan v. Comm'r of Soc. Sec., 193 F. App'x 422, 426 (6th Cir. 2006) (unpublished); Holiday v. Barnhart, 76 F. App'x 479, 482 (3d Cir. 2003) (unpublished) (finding no duty to cite SSR 99-2p where ALJ's decision "by and large comported with [it]"). However, the complete failure of the ALJ to mention plaintiff's CFS at step three of the analysis cannot be said to be in compliance with the SSR 99-2p's directive to compare "the specific findings in each [CFS] case . . . to any pertinent listing to determine whether medical equivalence may exist." SSR 99-2p, 64 Fed. Reg. at 23,381. The record is thus insufficient for the court to determine whether the ALJ's decision was "reached through application of the correct legal standard." See Craig, 76 F.3d at 589.

2. Dr. Pearsall's Opinion

The ALJ failed to discuss the opinion of Dr. Dixon Pearsall, who conducted a vocational rehabilitation interview of plaintiff on or about May 18, 2006.[3] (R. at 570-76.) Defendant argues that this failure was not in error because plaintiff's performance at that interview was "contrived" and the resulting opinion was in effect an RFC assessment, which is exclusively within the province of the ALJ. Defendant also argues that the opinion is outside the scope of Dr. Pearsall's expertise, is similar to the opinions of the three examining physicians which were given little weight by the ALJ, and accordingly would have been rejected by the ALJ in any event.

"The ALJ is not required to discuss all evidence in the record." Aytch v. Astrue, 686 F. Supp. 2d 590, 602 (E.D.N.C. 2010). However, a reviewing court "cannot determine if findings are

---

[3] The magistrate judge erroneously referred to Dr. Pearson's opinion as a medical opinion.

6

unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Where the ALJ "fails to discuss relevant evidence that weighs against his decision," the court will remand for further proceedings. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)); see also Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006) ("An ALJ may not select and discuss only that evidence that favors his ultimate conclusion." (quoting Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995))).

Dr. Pearsall's opinion is contradictory to the ultimate finding of the ALJ. Had he discussed this opinion, the ALJ may well have rejected it for one or more of the reasons suggested by defendant. But this court will not supply a rationale for rejecting the opinion where the ALJ has supplied none. Cf. Patterson v. Bowen, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave."). By failing to "analyze[] all evidence and . . . sufficiently explain[] the weight he has given to obviously probative exhibits," the ALJ has made it impossible for the court to determine whether his decision is supported by substantial evidence without abdicating the duty to look to the entire record. See Gordon, 725 F.2d at 236.

3. The ALJ's Use of the Grids Rather Than a VE at Step Five

At step five of the analysis, the ALJ stated that "in determining whether a successful adjustment to other work can be made, I must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with [the Grids]." (R. at 42.) Applying the Grids to plaintiff's case, the ALJ found that a finding of not disabled was directed by Grid 202.21. Accordingly, the ALJ concluded that plaintiff was not disabled, and denied benefits.

7

The Commissioner has the burden at step five of showing that the claimant has the capacity to perform an alternative job that exists in the national economy. Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987). In cases involving only exertional limitations, he can meet this burden by reference to the Grids. Id. However, where a claimant suffers from both exertional and nonexertional impairments, the Grids cannot be used to support a conclusive finding that a claimant is "not disabled." Instead, the Grids may be applied only as a framework, in tandem with expert vocational testimony. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983) ("To the extent that nonexertional impairments further limit the range of jobs available to the claimant, . . . the Secretary must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy [to meet his burden at step five]."). The "mechanical application of the [Grids]" in such a situation requires a remand. See Coffman, 829 F.2d at 519.

Defendant concedes that plaintiff suffers from both exertional and nonexertional impairments, but argues that the ALJ did not conclusively rely on the Grids. However, the only evidence before the ALJ relating to the availability of alternative jobs existing in the national economy was the grids. Exclusively relying on the Grids, in the absence of any other evidence, goes beyond using them as a framework and gives them conclusive effect. Indeed, the ALJ explicitly stated that "a finding of 'not disabled' is directed by [Grid] 202.21." (R. at 42 (emphasis added).) The ALJ plainly relied solely on the Grids to make his finding of "not disabled." The court must therefore remand this matter to allow the ALJ to correct this error.[4]

---

[4] Defendant appears to argue that plaintiff waived the issue of VE testimony by failing to address this on appeal. Defendant cites Hickman v. Chater. 122 F.3d 1061, 1997 WL 570874, at *1 n.*1 (4th Cir. Sept. 16, 1997) (unpublished (continued...)

8

Case 7:09-cv-00115-FL   Document 24   Filed 09/21/10   Page 8 of 10

4.  Harmless Error

As discussed herein, the ALJ committed a number of errors in adjudicating plaintiff's disability claim. Defendant nevertheless asks the court not to remand this matter to the ALJ because even if the ALJ "had provided a more detailed analysis of . . . [p]laintiff's CFS[,] . . .had addressed the opinion of Dr. Pearsall[,] and . . . had called a VE to testify, there still would be no reasonable likelihood that he would have changed his mind and awarded benefits." (Def.'s Obj. 15.) Defendant argues that these errors are harmless, and that a remand would be futile.

The court cannot agree that the mistakes made by the ALJ were harmless. This is not a case where the ALJ referenced an incorrect date on a medical report, see, e.g., Bishop v. Barnhart, 78 F. App'x 265, 267-68 (4th Cir. 2003) (per curiam) (unpublished), or applied an out-of-date regulation that was substantially identical to a newer regulation, see, e.g., Bryant ex rel. Bryan v. Barnhart, 63 F. App'x 90, 92 n.1 (4th Cir. 2003) (unpublished). Instead, this is a case where the ALJ committed error at multiple steps of the five-step inquiry. Had the ALJ considered plaintiff's CFS properly, had he been aware of Dr. Pearsall's opinion, and had he called a VE to testify, the outcome of plaintiff's case may very well have been different. Or perhaps, as defendant contends, the same result would have been reached. The only way to decisively answer that question is to remand this matter to the ALJ for further administrative proceedings.

---

[4](...continued)
table decision) ("[Plaintiff] did not raise this claim at the administrative level, in her motion for judgment on the pleadings in the district court, or in her objections to the magistrate judge's report. Therefore, she has waived her right to raise the issue on appeal."). However, plaintiff did raise this issue at the administrative level in her appeal to the Appeal Council, and has further raised it before this court. Therefore she has not waived this issue.

Defendant also argues that the testimony of a VE from the first hearing was part of the record, and that this testimony supports the conclusion of the ALJ. However, the ALJ did not rely on this testimony, but rather use the Grids as conclusive evidence that sufficient jobs existed in the national economy that plaintiff could perform.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the M&R to which specific objections have been filed, the court ADOPTS the magistrate judge's findings and recommendations (DE # 21) as its own. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 16) is GRANTED, defendant's motion for judgment on the pleadings (DE # 18) is DENIED, and these matters are REMANDED to the Commissioner for further proceedings consistent with this order. The clerk is DIRECTED to close the case.

SO ORDERED this the 21st day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

10